UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRITHORN BULK A/S,                                    :
                                                      :
      Petitioner,                              :
                                                      :
     - against -                                :
                                                      :
DURON CAPITAL LLC,                                    :
                                                      :
      Respondent.                              :
-------------------------------------------------------X

## PETITION TO CONFIRM AND ENFORCE
## FINAL ARBITRATION AWARD

Petitioner Trithorn Bulk A/S ("Trithorn"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Petition herein, states as follows:

### NATURE OF PROCEEDINGS

1.     Trithorn brings this summary proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201 *et seq.*, and the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.*, to confirm a final arbitration award issued in New York City in Trithorn's favor against Respondent Duron Capital LLC ("Duron").

### THE PARTIES

2.     At all times material hereto, Trithorn was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at Nyhavn 47, DK1051 Copenhagen K, Denmark, and was the disponent owner of the ocean-going motor vessel LIPSI ("Vessel").

3.     At all times material hereto, Duron was and still is a domestic business entity[1] with a principal address of 2100 Ponce De Leon Blvd Suite 1175, Miami, Florida, 33134 and was the charterer of the M/V LIPSI.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 201 and 203 as it involves an action to enforce an arbitral award subject to the Convention and 28 U.S.C. §§ 1333 in that the underlying contract was for the charter of an ocean-going vessel, and hence constitutes an admiralty and maritime claim. In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

5.     Venue in this Court is proper pursuant to 9 U.S.C. § 9 and/or § 204 and 28 U.S.C. § 1391 (d).

6.     This Court has personal jurisdiction over Duron as the agreed-upon arbitration clause designated New York as the place of arbitration and Duron participated in the arbitration in New York City.

## BACKGROUND FACTS

7.     On October 28, 2020, Duron as Charterer and Trithorn as Disponent Owner entered into a voyage charter party contract ("the Charter"), which provided for loading of a cargo of wheat in San Lorenzo, Argentina for carriage and discharge at Puerto Cabello, Venezuela, with an agreed laycan of November 13-20, 2022. *See Exhibit 1 to Declaration of Patrick F. Lennon.* The Charter further provided that Asociación de Cooperativas Argentinas ("ACA" or "Shipper")

---

[1] A review of records kept by the Florida Division of Corporations indicates that Duron Capital LLC has entered Inactive status following a failure to file an annual report for 2022.

was the shipper of the cargo. *Id.*

8.      On November 4, 2020, Trithorn reconfirmed to Duron that the M/V LIPSI would be the performing vessel and that the Vessel would be ready on November 8, 2020. Trithorn noted, however, that the loading terminal had not yet been designated—despite Duron's obligation to so designate at the time of Vessel nomination—and requested that a loading terminal be designated and that Duron confirm that the cargo would be ready to load on November 13, 2020.

9.      On November 10, 2020, the Vessel arrived in Argentina and was made to wait at the nearby Rosario Roads anchorage, pending issuance of necessary shipment permits and Duron's designation of loading terminal and cargo readiness.

10.      On November 13, 2020, the Vessel tendered its notice of readiness. In accordance with the Charter, laytime began to rune at 0800 on November 16, 2020. *See, Exhibit 1 to Declaration of Patrick F. Lennon.*

11.      On November 18, 2020, the Vessel remained anchored at Rosario Roads as the shipment permits had not yet been issued and the Argentinian Coast Guard notified the Vessel it would have to vacate Rosario Roads on November 20, 2020. During this period, Duron, for the first time, blamed delays on a purported union strike affecting the terminal.

12.      Per the Charter, laycan expired on November 20, 2020 and the Vessel was ordered to move from Rosario Roads to Villa Constitucion Roads, arriving at 0400 hours on November 21, 2020.

13.      On November 25, 2020, Duron stated that loading would begin soonest as there were no more delays in acquiring the shipment permit.

14.      On November 28, 2020, the shipment permits were ultimately issued and the

LIPSI was permitted to proceed to the ACA San Lorenzo terminal on November 28, 2020.

15.     Loading began on November 30, 2020 and completed at 1100 hours on December 5, 2020.

16.     At the conclusion of the Charter, Duron owed Trithorn outstanding demurrage in the sum of $159,520.31.

17.     Duron failed and refused to make payment of the outstanding demurrage amount and, thereby, failed to comply with the terms of the Charter.

18.     On December 16, 2020, Trithorn, through counsel, issued a demand for arbitration pursuant to the terms of the Charter and, thereafter, arbitration between the parties proceeded.

19.     On October 3, 2022, the arbitrators issued a unanimous Final Award declaring that Duron had failed to pay the accrued demurrage amount and ordering Duron to pay to Trithorn damages in the sum of: $158,278.12 for outstanding demurrage; $9,723.26 for Pre-Award Interest from February 1, 2021 to October 3, 2022; $48,517.12 for Attorneys' fees and costs; and $20,000 for Arbitrators' fees, for a total of $236,518.50. *See, Exhibit 2 to the Declaration of Patrick F. Lennon.*

21.     The arbitrators further ordered that if payment was not received by Trithorn on or before November 3, 2022, interest at the prime rate from the date of the Final Award shall be paid until such day as the amount is paid, or the Final Award is made an Order of the Court. *Id.*

22.     The arbitrators also rejected Duron's counterclaims. *Id.*

23.     The arbitration clause in the Charter provides that the Final Award may be made a rule of the Court and the Final Award itself so provides.

24.     Despite due demand, Duron has not paid the $236,518.50 awarded in the arbitration.

## THE AWARD IS ENTITLED TO CONFIRMATION

25.    This Petition has been brought within the time period required by the Convention and FAA.

26.    There are no valid grounds to vacate, modify, or refuse to confirm the Final Award.

27.    There are no pending applications to vacate or modify the Final Award.

28.    Accordingly, the Final Award must be confirmed as a valid and enforceable final arbitration award pursuant to 9 U.S.C. § 207 and 9 U.S.C. § 9.

WHEREFORE, Petitioner respectfully prays that the Court enter an order, pursuant to 9 U.S.C. § 207 and/or 9 U.S.C. § 9, confirming the Final Award against Respondent Duron Capital LLC and directing that judgment be entered thereon in this Court, together with interest, costs, and attorneys' fees incurred in connection with this proceeding, and such other and further relief as the Court may deem just, proper, and equitable.

Dated: November 10, 2022

Respectfully submitted,

TRITORN BULK A/S

By:_____
Patrick F. Lennon, Esq.
Steven R. Winters, Esq.
LENNON MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
pfl@lmplaw.net
srw@lmplaw.net

5