```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
TRITHORN BULK A/S,                                                     :
                                                                       :
                          Petitioner,                                  :
                                                                       :   22 Civ. 9628 (JPC)
            -v-                                                        :
                                                                       :          ORDER
DURON CAPITAL LLC,                                                     :
                                                                       :
                          Respondent.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On November 10, 2022, Petitioner filed the Petition to Confirm Arbitration that initiated this case. Dkt. 1. On November 14, 2022, Petitioner's counsel Patrick F. Lennon submitted an affirmation of service declaring that the Petition and supporting documents were filed "via electronic mail sent to Peter Sloss . . . counsel of record to Duron Capital LLC in the underlying arbitration." Dkt. 8 at 1. Respondent has not appeared. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then . . . any party to the arbitration may apply to the court so specified for an order confirming the award." *Id.* § 9. If such an application is filed, notice "shall be served upon the adverse party," and if "the adverse party shall be a nonresident,[1] then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.*

---

[1] The Petition alleges that, at all times material to the Petition, Respondent "was and still is a domestic business entity with a principal address of 2100 Ponce De Leon Blvd Suite 1175, Miami, Florida . . . ." Dkt. 1 ¶ 3.

The e-mail service Petitioner has employed in this case fails to satisfy this rule. "In the Second Circuit, the phrase 'in like many as other process of the court' refers to Rule 4, Fed. R. Civ. P." *Absolute Nev., LLC v. Grand Majestic Riverboat Co., LLC*, No. 19 Civ. 11479 (PKC), 2022 WL 17669429 (S.D.N.Y. Dec. 14, 2022) (citing *Commodities & Min. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 812 (2022) and *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (1971)). Therefore, "Rule 4 sets forth the basic procedures for serving process in connection with arbitral awards." *Commodities & Min. Enter. Ltd.*, 49 F.4th at 812. And Rule 4 does not permit service by e-mail to an attorney that represented an adverse party in a prior proceeding. Thus, Petitioner's service of the Petition and supporting documentation, as set forth in the Affidavit filed by Petitioner's counsel, Dkt. 8, does not constitute adequate notice under 9 U.S.C. § 9 of Petitioner's application to confirm the arbitral award. Petitioner is therefore ordered to effect service on Respondent that is consistent with the requirements of Rule 4 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: December 19, 2022
      New York, New York

                                                     JOHN P. CRONAN
                                           United States District Judge